**Opinion filed September 22, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00088-CV

_____

## IN THE INTEREST OF A.R., J.S., A.F., A.A., AND A.A., CHILDREN

**On Appeal from the County Court at Law No. 2**
**Ector County, Texas**
**Trial Court Cause No. CC2-3428-PC**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the fathers of the five children involved in this case: A.R., J.S., A.F., A.A., and A.A.  The mother and one of the fathers filed a notice of appeal. We dismiss in part and affirm in part.

### I. *Mother's Appeal*

The mother's court-appointed counsel has filed a motion to withdraw and a supporting brief in which he professionally and conscientiously examines the record

and applicable law and concludes that there are no issues of arguable merit to present on appeal. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In light of a recent holding by the Texas Supreme Court, however, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016). The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

The mother's counsel provided the mother with a copy of the brief and the motion to withdraw. Counsel also informed Appellant of her right to review the record and file a pro se response to counsel's brief. In compliance with *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014), counsel provided the mother with an electronic copy of the clerk's record and the reporter's record. We conclude that the mother's counsel has satisfied his duties under *Anders*, *Schulman*, and *Kelly*. We note that the mother did not file a pro se response to counsel's *Anders* brief.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the mother's appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. However, in light of *P.M.*, we deny the motion to withdraw that was filed by the mother's court-appointed counsel. *See P.M.*, 2016 WL 1274748, at *3.

Counsel's motion to withdraw is denied, and this appeal is dismissed as to the mother only.

## II. *Father's Appeal*

The father of A.A. and A.A. filed an appeal. Because the fathers of the other three children did not appeal, we will refer to the father of A.A. and A.A. as "the father" and to A.A. and A.A. as "the children" in this opinion. The father presents five issues for our review. In these issues, he contends that the trial court abused its discretion when it terminated his parental rights because the evidence was legally and factually insufficient to support termination and because his constitutional rights were violated.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2016). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not

limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court found that the father committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), and (O). Specifically, the trial court found that the father had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the children's physical or emotional well-being; that the father had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being; and that the father had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the children, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of the father's parental rights would be in the best interest of the children.

4

With respect to the father's second issue, we hold that the trial court did not abuse its discretion in finding that the father engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children. *See* FAM. § 161.001(b)(1)(E). There was clear and convincing evidence from which the trier of fact could reasonably have formed a firm belief as to that finding.

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Domestic violence may constitute evidence of endangerment. *Id.*; *C.J.O.*, 325 S.W.3d at 265.

In this case, there was evidence that the father endangered the physical or emotional well-being of the children in various ways: he committed domestic violence; engaged in a course of conduct that included drug use, criminal offenses, and attempted suicide; and knowingly placed his children with the mother, who engaged in conduct that endangered the children's physical or emotional well-being. The record reveals that the mother and the father engaged in domestic violence to an extent that the police were called several times. The father was convicted of assault family violence against the mother. The father was incarcerated for that crime at the

time of removal, which occurred in July 2014; he remained incarcerated until November 2014. Although the father denied that domestic violence had occurred in the children's presence, the testimony of other witnesses indicated that the children were in fact present. The record shows that the father had also engaged in domestic violence with a previous girlfriend and had been convicted twice for family violence against the previous girlfriend. Additionally, the record indicates that the father attempted to commit suicide three times: once in the garage of his house while the children were in the house.

Prior to the children's removal, the mother's synthetic marihuana was located in places that were accessible to the children. A.R. testified that both parents had smoked marihuana while the children were in their lap. While this case was pending, both parents tested positive for illegal substances. The father tested positive for marihuana, and the mother tested positive for methamphetamine, amphetamine, and marihuana. The father admitted that he was aware of the mother's use of marihuana and that he was aware that she had tested positive for methamphetamine. Despite such knowledge, he continued his relationship with the mother and continued to desire that the entire family be reunited.

The evidence is legally and factually sufficient to support the finding under Section 161.001(b)(1)(E) because the father engaged in a voluntary, deliberate, and conscious course of conduct that endangered the children's well-being. Additionally, nothing in the record indicates that the father's constitutional rights were violated or that he preserved any such complaint for appellate review by bringing it to the attention of the trial court. *See* TEX. R. APP. P. 33.1(a). The father's second issue is overruled.

Because a finding that the father committed one of the acts listed in Section 161.001(b)(1)(A)–(T) is all that is required and because we have held that the evidence is sufficient to support the trial court's finding under subsection (E), we need not address the father's first and third issues in which he challenges the findings made pursuant to subsections (D) and (O). *See* TEX. R. APP. P. 47.1.

With respect to the father's fourth issue, we hold that, based on the evidence presented at trial and the *Holley* factors, the trier of fact could reasonably have formed a firm belief or conviction that termination of the father's parental rights would be in the best interest of the children. *See Holley*, 544 S.W.2d at 371–72. The record indicates that the children were bonded with the mother and the father; that their visits went well; and that, at the time of the de novo hearing, the children had only lived with their prospective adoptive parents for about a month. However, upon considering the record as it relates to the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of the father and the prospective adoptive parents, the plans for the children by the Department, the stability of the children's placement, acts and omissions indicating that the parent-child relationship was not a proper one, the domestic violence committed by the father, the father's continued relationship with the mother, both parents' drug use, and the father's criminal history, we hold that the evidence is legally and factually sufficient to support the finding that termination of the father's parental rights is in the best interest of the children. *See id.* The trial court did not abuse its discretion when it found by clear and convincing evidence that termination of the father's parental rights was in the best interest of the children. The father's fourth issue is overruled.

In his fifth issue, the father contends that the trial court erred and abused its discretion when it ignored repeated violations of the father's constitutional rights. The father failed to object or otherwise apprise the trial court of any alleged violation of his constitutional rights. The father has therefore failed to preserve any such complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). Moreover, the record does not support the father's contention that his constitutional rights were violated. Consequently, we overrule the father's fifth issue.

*This Court's Ruling*

We dismiss this appeal as to the mother, and we affirm the trial court's order of termination.


JOHN M. BAILEY
JUSTICE


September 22, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.